**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| FELICIA PERRY,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>BLOOMIN' BRANDS/OUTBACK STEAKHOUSE,<br><br>　　　　　　Defendants. | Case No.<br><br>Removed from the Lake County Superior Court, Civil Division 7, Cause No. 45D11-2209-CT-000912 |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Outback Steakhouse of Florida LLC ("Outback Steakhouse") and Bloomin' Brands, Inc. ("Bloomin' Brands"), incorrectly named as Outback Steakhouse/Bloomin' Brands ("Defendants"), by and through their attorneys, SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD., hereby file this Notice of Removal and remove the above titled action from the Lake County, Indiana Superior Court, Civil Division 7, to the U.S. District Court for the Northern District of Indiana.

In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1.　This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### CITIZENSHIP OF THE PARTIES

2.　On September 12, 2022, Plaintiff Felicia Perry filed her Complaint in the Civil Division of the Lake County, Indiana Superior Court, against the Defendants, alleging that she sustained injuries as a result of an incident that occurred on December 13, 2020 at an Outback

Steakhouse restaurant located in Merrillville, Indiana. (See ¶ 1 of the Complaint, attached as "Exhibit A").

3. Although Plaintiff's Complaint contains no specific allegation regarding Bloomin' Brands, Inc., Plaintiff's Complaint is brought against "Outback Steakhouse/Bloomin' Brands. (Ex. A).

4. At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, Plaintiff was a citizen of Indiana.

5. At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, both Defendants are citizens of Delaware and Florida. (See Declaration In Support of Notice of Removal, attached as "Exhibit B").

6. At all relevant times, including at the time of removal, Defendants were not citizens of Indiana. (Ex. B).

### AMOUNT IN CONTROVERSY

7. The amount in controversy exceeds $75,000 exclusive of interest and cost.

8. Plaintiff seeks recovery of substantial damages and claims she sustained injuries to her arm and back and was transported to the hospital in an ambulance as a result of the subject incident. More specifically, Plaintiff's Complaint alleges that as a direct result of Defendants' purported negligence, she fell "injuring her back and arm" and further alleges that Plaintiff sustained "injuries, some of which may be permanent, endured physical and mental pain, [and] incurred medical expenses and loss of wages." (Ex. A ¶ ¶ 6, 12). Plaintiff seeks recovery for compensatory damages as well as for pain and suffering. (*Id.*) Moreover, when counsel for the parties recently discussed the Plaintiff's claimed damages, Plaintiff's counsel was unwilling to

2

stipulate that the amount in controversy does not exceed $75,000.  (See October 6, 2022 email correspondence to Plaintiff's counsel, attached as "Exhibit C").

9. Where a complaint does not expressly state that the amount in controversy exceeds $75,000, removal is proper if the defendant establishes "a 'reasonable probability' at the time of removal that the amount in controversy exceeds $75,000." *Tropp v. Western-Southern Life Insurance Co.*, 381 F.3d 591, 595 (7th Cir. 2004). A court will accept a defendant's "good-faith estimate of the stakes . . . if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co*., 472 F.3d 506, 510–11 (7th Cir. 2006). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional minimum], the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (the Seventh Circuit explains it is satisfied that removal is proper if defendant "provided plausible, good-faith estimates demonstrating how the stakes exceeded [the amount in controversy].")

10. It is the defendant's burden "to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *O'Boy v. State Farm Mutual Automotive Insurance Co.*, 2006 WL 1660750, at *8 (N.D. Ind. 2006). Further, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg*, 639 F.3d at 763.

11. The Seventh Circuit has explained that a plaintiff who "really wants to prevent removal" should stipulate that the damages do not exceed the jurisdictional limit. *Oshana*, 472 F.3d at 511.  In fact, the Seventh Circuit stated that plaintiff's "refusal to admit that she would not seek individual damages in excess of $75,000 worked against her" explaining that "if the plaintiff

does not stipulate to damages of $75,000 or less, 'the inference arises that he thinks his claim may be worth more.'" (*Id.* at 512 (*quoting Workman v. United Parcel Service, Inc.,* 234 F.3d 998, 1000 (7th Cir. 2000)).

12. Here, the nature and extent of Plaintiff's alleged injuries cause Defendants to have a good-faith belief that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. *Resnick v. Gibralter Financial Corp.*, 2012 WL 4358841, at *5 (S.D. Ind. 2012) (explaining that it is "immaterial" whether plaintiff actually recovers more than $75,000 because "what matters is the amount in controversy on the day of removal.") The allegations of the Complaint clearly establish that Plaintiff is seeking recovery of substantial damages, including recovery for medical bills, extensive medical treatment, pain and suffering, as well as for loss of wages. Moreover, Plaintiff's counsel is unwilling to stipulate that the amount in controversy is less than $75,000. (Ex. C). *Oshana*, 472 F.3d at 511 (explaining that plaintiff's failure to stipulate that the amount in controversy does not exceed $75,000 raises an inference that the claimed damages exceed the jurisdictional amount).

13. Due to Plaintiff's allegations regarding the extent of her injuries, Defendants have a good-faith belief that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### NOTICE OF REMOVAL IS TIMELY

14. Defendants received Plaintiff's Complaint on September 30, 2022. (Ex. B).

15. Defendants filed this Notice of Removal within thirty days of receipt of Plaintiff's Complaint; therefore, Defendants timely removed this matter to federal court. *See* 28 U.S.C. § 1446(b)(1).

16. Defendants' Notice of Removal is also filed within one year of Plaintiff filing her Complaint as required by 28 U.S.C. §§ 1441 and 1446(b)(3).

## JURISDICTION

17. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as the Defendants. *WI Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The District Court thus has original jurisdiction pursuant to 28 U.S.C. § 1332.

## CONSENT

18. Defendants received Plaintiff's Complaint on September 30, 2022, and they both consent to removal to federal court. *See* 28 U.S.C. § 1446(b).

## CONCLUSION

19. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Defendants will give written notice of the removal to Plaintiff through her attorney of record, and to the Clerk of the Lake County, Indiana Superior Court, Civil Division 7.

20. Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met. Copies of the pleading received by Defendants is attached. (Ex. A). The United States District Court for the Northern District of Indiana is the proper forum for this case to be removed to, as a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, the occurrence was located at an Outback Steakhouse in Lake County, Indiana; therefore, the Northern District Indiana is the proper forum. 28 U.S.C. § 94(a).

21. By removing this action to this Court, Defendants do not waive any defenses available to them in State or Federal Court.

22. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants, Outback Steakhouse of Florida LLC and Bloomin' Brands, Inc., state that this Court has original jurisdiction over Plaintiff's claims and hereby remove this action from the Lake County, Indiana Superior Court, Civil Division 7.

Dated: October 27, 2022    Respectfully submitted,

By: */s/ Christina Putman*
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
233 S. Wacker Dr., Suite 5500
Chicago, Illinois 60611
cputman@smsm.com
Tel: (312) 645-7711
Fax: (312) 645-7711

*Attorneys for Outback Steakhouse of Florida LLC and Bloomin' Brands, Inc.*