UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FELICIA PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22 CV 317 |
| | ) |
| BLOOMIN' BRANDS, INC., and | ) |
| OUTBACK STEAKHOUSE OF | ) |
| FLORIDA, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendant Bloomin' Brands, Inc.'s motion to dismiss. (DE # 14.) For the reasons that follow, the motion to dismiss is granted.

### I.   BACKGROUND

Plaintiff Felicia Perry alleges that she slipped and fell in an Outback Steakhouse restaurant (Outback) as a result of Outback's negligence. (DE # 5.) Defendant Bloomin' Brands, Inc. filed the present motion to dismiss, arguing that it is a legally separate entity from its co-defendant Outback Steakhouse of Florida, LLC, and plaintiff's complaint does not state any allegations against Bloomin' Brands. (DE # 14.) Plaintiff has not responded to the motion to dismiss, and the time to do so has expired. (*See* DE # 19.) This matter is now ripe for ruling.

### II.   LEGAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge

reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as

true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

Bloomin' Brands is correct when it claims that plaintiff's complaint does not make any allegation against it. Aside from the caption and the prayer for relief, plaintiff's complaint makes no mention of Bloomin' Brands at all. (DE # 5.) A plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption. *See Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir. 1998).

Moreover, no claim against Bloomin' Brands can be reasonably inferred from the allegations in plaintiff's complaint. It appears that plaintiff named Bloomin' Brands because it is the parent company of Outback Steakhouse of Florida, LLC. However, the two defendants are legally separate entities and plaintiff has made no argument for piercing the corporate veil. *See United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries[;]" however, "the corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, inter alia, the corporate form would otherwise be misused to accomplish certain wrongful purposes[.]" (cleaned up)). Plaintiff's complaint fails to allege any claim against Bloomin' Brands and therefore Bloomin' Brands is entitled to dismissal from this case.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Bloomin' Brands, Inc.'s motion to dismiss. (DE # 14.)

**SO ORDERED.**

Date: June 9, 2023

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT